IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

**JORDYN MARTINEZ, Individually and on Behalf of All Others Similarly Situated**      **PLAINTIFF**

vs.      No. 2:22-cv-

**TSUNAMI, INCORPORATED, and JOSEPH KOVERA**      **DEFENDANT**

## ORIGINAL COMPLAINT—COLLECTIVE ACTION

Plaintiff Jordyn Martinez ("Plaintiff"), individually and on behalf of all others similarly situated, by and through undersigned counsel, for her Original Complaint—Collective Action ("Complaint") against Defendants Tsunami, Incorporated, and Joseph Kovera (collectively "Defendant" or "Defendants"), states and alleges as follows:

### I. PRELIMINARY STATEMENTS

1. This is a collective action brought by Plaintiff, individually and on behalf of all others similarly situated, against Defendant for violations of the minimum wage and overtime provisions of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), or in the alternative the minimum wage and overtime provisions of the Indiana Minimum Wage Act, Ind. Code § 22-2-2 *et seq.* ("IMWA").

2. Plaintiff seeks a declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and a reasonable attorney's fee and costs as a result of Defendant's policy and practice of failing to pay proper minimum wage and overtime compensation under the FLSA and the IMWA.

## II.     JURISDICTION AND VENUE

3. The United States District Court for the Northern District of Indiana has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

4. This Complaint also alleges IMWA violations, which arise out of the same set of operative facts as the federal cause of action; accordingly, this Court has supplemental jurisdiction over Plaintiff's IMWA claims pursuant to 28 U.S.C. § 1367(a).

5. The acts complained of herein were committed and had their principal effect against Plaintiff within the Hammond Division of the Northern District of Indiana; therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

## III.    THE PARTIES

6. Plaintiff is an individual and resident of Lake County.

7. Separate Defendant Joseph Kovera ("Kovera") is an individual and resident of Lake County.

8. Separate Defendant Tsunami, Incorporated ("Tsunami"), is a domestic, for-profit corporation.

9. Tsunami's registered agent for service of process is Joseph Kovera at 3626 Calumet Avenue, Hammond, Indiana 46320.

10. Tsunami does business as Industrial Strip.

11. Defendants, in the course of their business, maintains a website at https://www.industrialstrip.com/.

## IV.    FACTUAL ALLEGATIONS

12. Defendant employs two or more individuals who engage in interstate commerce or business transactions, or who produce goods to be transported or sold in interstate commerce, or who handle, sell, or otherwise work with goods or materials that have been moved in or produced for interstate commerce, such as food and beverages.

13. Defendant's annual gross volume of sales made or business done is not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) in each of the three years preceding the filing of the Original Complaint.

14. Kovera is a principal, director, officer, and/or owner of Tsunami.

15. Kovera took an active role in operating Tsunami and in the management thereof.

16. Kovera, in his role as an operating employer of Kovera, had the power to hire and fire Plaintiff, often supervised Plaintiff's work and determined her work schedules, and made decisions regarding Plaintiff's pay, or lack thereof.

17. Kovera, at relevant times, exercised supervisory authority over Plaintiff in relation to her work schedule, pay policy and the day-to-day job duties that Plaintiff's work entailed.

18. Within the three years preceding the filing of this Complaint, Defendant has continuously employed at least two employees.

19. Defendant acted as the employer of Plaintiff and is engaged in interstate commerce as that term is defined under the FLSA and the IMWA.

20. At all times material herein, Plaintiff has been entitled to the rights, protections, and benefits provided under the FLSA and the IMWA.

21. Plaintiff was employed at Defendant's club in Hammond, Indiana, called Industrial Strip (hereinafter, "the Club").

22. Defendant employed Plaintiff within the three years preceding the filing of this lawsuit.

23. Specifically, Defendant employed Plaintiff as a Dancer from 2018 until the present.

24. Defendant classified Plaintiff as an independent contractor, exempt from the overtime requirements of the FLSA.

25. Defendant also employed other Dancers.

26. Defendant also classified other Dancers as independent contractors.

27. Plaintiff performed stage dances and lap dances on Defendant's premises.

28. Other Dancers had the same or similar duties as Plaintiff.

29. Defendant directly hired Plaintiff and other Dancers, controlled their work schedules, duties, protocols, applications, assignments and employment conditions, and kept at least some records regarding their employment.

30. Plaintiff and other Dancers did not financially invest in Defendant's business.

31. Plaintiff and other Dancers did not share in Defendant's profits or losses.

32. Defendant, not Plaintiff or other Dancers, set prices for lap dances and private dances.

33. Defendant determined Plaintiff's and other Dancers' pay scale for services without input from or negotiation with Plaintiff and other Dancers.

34. Defendant, not Plaintiff or other Dancers, decided whether and how many Dancers to hire.

35. Plaintiff and other Dancers were hired to work for Defendant for a continuous and ongoing period of time.

36. Plaintiff and other Dancers did not select any employees for hire, nor did they have any ability to fire employees.

37. Plaintiff and other Dancers did not have any control of or authority over any employee's rate of pay or working hours.

38. Defendant set the Club policies and rules and had complete control over the venue.

39. Defendant required Plaintiff and other Dancers to follow Club policies and rules.

40. Defendant made decisions on advertising Defendant's business without Plaintiff's and other Dancers' input.

41. Defendant failed to pay Plaintiff the applicable minimum wage for all hours worked.

42. Upon information and belief, Defendant did not pay Plaintiff and other Dancers an hourly or salary rate.

43. Defendant did not pay Plaintiff and other Dancers any wage at all.

44. Plaintiff and other Dancers received tips from Defendant's customers.

45. Plaintiff and other Dancers were required to share their tips with Defendant, the DJ and the "house mom," and other employees who did not "customarily and regularly receive tips" within the meaning of 29 U.S.C. § 203(m).

46. Each shift, Plaintiff and other Dancers were required to pay Defendant $100 or more before they could perform any dances.

47. The tips which Plaintiff and other Dancers were allowed to keep constituted the entirety of their pay.

48. At all relevant times, Defendant knew or should have known that the FLSA applied to the operation of an adult entertainment club. Defendant knew of or should have been aware of previous litigation and enforcement actions relating to wage and hour violations where the misclassification of exotic dancers as independent contractors under the FLSA was challenged.

49. Upon information and belief, Plaintiff worked over 40 hours in at least some weeks while employed by Defendant within the past three years

50. Upon information and belief, other Dancers also regularly or occasionally worked over 40 hours in some weeks during their employment with Defendant.

51. Plaintiff and other Dancers are entitled to wages and compensation based on the standard minimum wage for all hours worked.

52. Plaintiff and other Dancers are entitled to 1.5x their regular hourly rate for hours worked over 40 each week.

53. Plaintiff performed all of her work as a Dancer on Defendant's premises.

54. Other Dancers performed all of their work on Defendant's premises.

55. Defendant recorded the hours worked by Plaintiff and other Dancers with a paper timesheet that was uploaded into a computer system nightly.

56. Defendant knew or should have known that Plaintiff and other Dancers were working hours for which they were not paid a lawful minimum wage or overtime premium.

57. Defendant knew, or showed reckless disregard for whether, the way it paid Plaintiff and other Dancers violated the FLSA and the IMWA.

58. Defendant knew or should have known that Plaintiff and other Dancers did not receive a lawful minimum wage for all hours worked.

59. Defendant knew or should have known that Plaintiff and other Dancers worked hours over 40 in at least some weeks.

60. The net effect of Defendant's practices and policies regarding Plaintiff's job duties and pay, as described above, is that Defendant intentionally misclassified her as an independent contractor in order to avoid paying her a lawful minimum wage for all hours worked and an overtime premium for hours worked over forty each week.

61. Defendant made no reasonable efforts to ascertain and comply with applicable law.

62. Because Plaintiff was paid solely in tips, she incurred damages in each week that she was employed with Defendant.

63. Specifically but without limitation, Plaintiff incurred damages in each of the following weeks: June 6, 2022; June 13, 2022; June 20, 2022; and June 27, 2022. Defendant knew or showed reckless disregard for whether the way it paid, and failed to pay, Plaintiff and other Dancers violated the FLSA and the IMWA.

### V.     REPRESENTATIVE ACTION ALLEGATIONS

64. Plaintiff brings this claim for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons

similarly situated who were, are, or will be paid wages by Defendant within the applicable statute of limitations period, who are entitled to payment of the following types of damages:

    A.    Minimum wages for all hours worked;

    B.    Overtime premiums for all hours worked over forty in any week;

    C.    Liquidated damages; and

    D.    Attorneys' fees and costs.

65. Plaintiff proposes the following collective under the FLSA:

**All Dancers in the last three years.**

66. In conformity with the requirements of FLSA Section 16(b), Plaintiff has filed or will soon file a written Consent to Join this lawsuit.

67. The relevant time period dates back three years from the date on which Plaintiff's Original Complaint—Collective Action was filed herein and continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a), except as set forth herein below.

68. The members of the proposed FLSA collective are similarly situated in that they share these traits:

    A.    They were paid solely in tips;

    B.    They were not paid a sufficient minimum wage;

    C.    They were not paid an overtime premium for hours worked over 40 in a week;

    D.    They were subject to Defendant's common policy of classifying them as "independent contractors;"

E. They were subject to numerous other policies and practices as described above; and

F. They had the same or substantially similar job duties and requirements.

69. Plaintiff is unable to state the exact number of the collective but believes that the collective exceeds 20 individuals.

70. Defendant can readily identify the members of the collective, who are a certain portion of the current and former employees of Defendant.

71. The names and physical and mailing addresses of the probable FLSA collective action plaintiffs are available from Defendant.

72. The email addresses of many of the probable FLSA collective action plaintiffs are available from Defendant.

## VI. FIRST CLAIM FOR RELIEF
### (Individual Claim for Violation of the FLSA)

73. Plaintiff asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq*.

74. At all relevant times, Defendant has been, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

75. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay a minimum wage for all hours worked up to 40 each week and to pay 1.5x their regular wages for all hours worked over 40, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying DOL regulations.

76. Defendant misclassified Plaintiff as exempt from the overtime requirements of the FLSA.

77. Despite Plaintiff's entitlement to overtime wages, Defendant failed to pay Plaintiff a sufficient overtime premium for all hours worked over forty each week.

78. Defendant failed to pay Plaintiff a lawful minimum wage for all hours worked.

79. 29 U.S.C. § 203(m)(2)(B) states, "An employer may not keep tips received by its employees for any purposes."

80. Defendant unlawfully retained tips earned by Plaintiff.

81. Defendant knew or should have known that its actions violated the FLSA.

82. Defendant's conduct and practices, as described above, were willful.

83. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA for all violations which occurred beginning at least three years preceding the filing of Plaintiff's initial complaint, plus periods of equitable tolling.

84. Defendant has not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and, as a result thereof, Plaintiff is entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

85. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff as provided by the FLSA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

## VII.   SECOND CLAIM FOR RELIEF
### (Collective Action Claim for Violation of the FLSA)

86. Plaintiff, individually and on behalf of all others similarly situated, asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

87. Plaintiff brings this action on behalf of all other similarly situated individuals to recover monetary damages owed by Defendant to Plaintiff and members of the putative collective for unpaid overtime compensation for all the hours they worked in excess of forty each week.

88. Plaintiff brings this action on behalf of herself and all others similarly situated who were and/or are affected by Defendant's willful and intentional violation of the FLSA.

89. 29 U.S.C. § 207 requires employers to pay each employee 1.5x the employee's regular rate for all hours that the employee works in excess of 40 per week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying DOL regulations.

90. Defendant misclassified Plaintiff and other similarly situated employees as independent contractors and as exempt from the overtime requirements of the FLSA.

91. Defendant failed to pay Plaintiff and other similarly situated employees at the proper overtime rate for all hours worked in excess of forty hours in a week, despite their entitlement thereto.

92. Defendant failed to pay Plaintiff and other similarly situated employees a lawful minimum wage for all hours worked.

93. 29 U.S.C. § 203(m)(2)(B) states, "An employer may not keep tips received by its employees for any purposes."

94. Defendant unlawfully retained tips earned by Plaintiff and others similarly situated.

95. Defendant's conduct and practices, as described above, have been and are willful, intentional, unreasonable, arbitrary and in bad faith.

96. By reason of the unlawful acts alleged in this Complaint, Defendant is liable to Plaintiff and all those similarly situated for, and Plaintiff and all those similarly situated seek, unpaid overtime wages, liquidated damages, and costs, including reasonable attorney's fees as provided by the FLSA.

97. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff and all those similarly situated as provided by the FLSA, Plaintiff and all those similarly situated are entitled to an award of prejudgment interest at the applicable legal rate.

### VIII.   THIRD CLAIM FOR RELIEF
### (Alternative Individual Claim for Violation of the IMWA)

98. In the alternative, i.e., in the event that Defendants do not meet the FLSA's definition of "employer," Plaintiff asserts this claim for damages and declaratory relief pursuant to the IMWA, Ind. Code § 22-2-2, *et seq.*

99. At all relevant times, Defendants were Plaintiff's "employers" within the meaning of the IMWA, Ind. Code § 22-2-2, *et seq*.

100. IMWA, Ind. Code § 22-2-2-4(f) requires employers to pay all employees 1.5x regular wages for all hours worked over 40 hours in a week, unless an employee meets the exemption requirements of IMWA.

101. IMWA, Ind. Code § 22-2-2-4(c) requires employers to pay all employees a minimum wage for any hours worked.

102. Defendant failed to pay Plaintiff a sufficient overtime premium for all hours worked over forty each week.

103. Defendant failed to pay Plaintiff a lawful minimum wage for all hours worked.

104. Defendant failed to pay Plaintiff all earned tips.

105. Defendant's conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary and in bad faith.

106. By reason of the unlawful acts alleged in this Complaint, Defendant is liable to Plaintiff for monetary damages, liquidated damages, costs, and a reasonable attorney's fee provided by the IMWA for all violations which occurred within the three years preceding the filing of Plaintiffs' initial complaint, plus periods of equitable tolling pursuant to IMWA, Ind. Code § 22-2-2, *et seq*.

107. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff as provided by the IMWA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

## IX. PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Jordyn Martinez, individually and on behalf of all others similarly situated, respectfully prays that Defendant be summoned to appear and to answer this Complaint and for declaratory relief and damages as follows:

A. Declaratory judgment that Defendant's practices alleged in this Complaint violate the FLSA, the IMWA and their related regulations;

B. Certification of a collective under Section 216 of the FLSA of all individuals similarly situated, as further defined in any motion for the same;

C. Judgment for damages suffered by Plaintiff and others similarly situated for all unpaid overtime wages under the FLSA, the IMWA and their related regulations;

D. Judgment for liquidated damages owed to Plaintiff and all others similarly situated pursuant to the FLSA, the IMWA and their related regulations;

E. An order directing Defendant to pay Plaintiff and all others similarly situated interest, a reasonable attorney's fee and all costs connected with this action; and

F. Such other and further relief as this Court may deem just and proper.

Respectfully submitted,

**JORDYN MARTINEZ, Individually and on Behalf of All Others Similarly Situated, PLAINTIFF**

FORESTER HAYNIE, PLLC
400 North St. Paul Street, Suite 700
Dallas, Texas 75201
Telephone: (214) 210-2100

*/s/ David Matthew Haynie*
David Matthew Haynie
Bar No. 24087692
matthew@foresterhaynie.com

SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Parkway, Suite 510
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

*/s/ Sean Short*
Sean Short
Ark. Bar No. 2015079
sean@sanfordlawfirm.com

*/s/ Josh Sanford*
Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com

*PHV Motions to be Filed*