IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

**JORDYN MARTINEZ, Individually and on**                      **PLAINTIFF**
**Behalf of All Others Similarly Situated**

vs.            No. 2:22-cv-283-PPS-JPK

**TSUNAMI, INCORPORATED,**                                **DEFENDANTS**
**and JOSEPH KOVERA**

## MOTION TO CONSIDER DEFENDANTS PROPERLY SERVED OR ALTERNATIVELY FOR ALTERNATE SERVICE

      Plaintiff Jordyn Martinez, individually and on behalf of all others similarly situated, by and through her undersigned attorneys, and for her Motion to Consider Defendants Properly Served or Alternatively for Alternate Service ("Motion"), states and alleges as follows:

      1.      Plaintiff filed this lawsuit on September 30, 2022 (ECF No. 1), and the Court issued summonses for Defendants on October 3.

      2.      Plaintiff duly contacted a process server who attempted service on Defendant Kovera ("Mr. Kovera") individually and as registered agent for Defendant Tsunami, Incorporated ("Tsunami") beginning on October 19. *See* First Proof of Nonservice for Tsunami, Inc., attached as Ex. 3.

      3.      After several unsuccessful attempts to serve Mr. Covera at the address listed on Tsunami's business filings with the Indiana Secretary of State, the process server made contact with Mr. Kovera via telephone on October 24. *See* Tsunami's Ind. Sec. of

Page 1 of 5
Jordyn Martinez, et al. v. Tsunami, Inc., et al.
U.S.D.C. (N.D. Ind.) Case No. 2:22-cv-283-PPS-JPK
Plaintiff's Motion to Consider Defendants Served

State Filing, attached as Ex. 1; ABC Legal Service Attempt History, attached as Ex. 2; Ex. 3.

4. Mr. Kovera told the process server he was out of town and to try again in a week. Ex. 3.

5. A week later, the process server again attempted service at Tsunami's registered address but was told by a doorman that Mr. Kovera was not present and the location was not Tsunami, Inc. Ex. 3.

6. Over the next month, Plaintiff attempted service on Mr. Kovera at several addresses obtained through a skip trace search report. *See generally*, Ex. 2; Second Proof of Nonservice for Tsunami, attached as Ex. 4; First Proof of Nonservice for Joseph Kovera, attached as Ex. 5; Second Proof of Nonservice for Joseph Kovera, attached as Ex. 6; Third Proof of Nonservice for Tsunami, attached as Ex. 7; Third Proof of Nonservice for Joseph Kovera, attached as Ex. 8; TLO Skip Trace Report on Joseph Kovera, attached as Ex. 9.

7. On December 27, Plaintiff requested and was granted a 90-day extension to serve Defendants. *See* ECF Nos. 3, 4.

8. Plaintiff continued to attempt service on Mr. Kovera throughout March and April, with no success. *See generally*, Ex. 2.

9. On March 29, Plaintiff again requested and was granted a 90-day extension to serve Defendants, making the most recent deadline for service June 23. *See* ECF Nos. 7, 8.

10. To date, Plaintiff has attempted service on Mr. Kovera 21 times at 7 addresses in 3 states. Ex. 2.

Page 2 of 5
Jordyn Martinez, et al. v. Tsunami, Inc., et al.
U.S.D.C. (N.D. Ind.) Case No. 2:22-cv-283-PPS-JPK
Plaintiff's Motion to Consider Defendants Served

11. On April 7, Plaintiff served Richard Oster, who is listed as Tsunami's "incorporator" on its filing with the Indiana Secretary of State. *See* Ex. 1; ECF Nos. 9, 10.

12. On April 28, Plaintiff's counsel received an email from Defendants' counsel with a Motion to Dismiss for lack of proper service attached. *See* Apr. 28 Email to Josh Sanford, attached as Ex. 11; Unfiled Mot. to Dismiss, attached as Ex. 12.

13. Plaintiff duly began drafting a Response to the Motion to Dismiss but noted that the Motion to Dismiss had not been filed with the Court.

14. Mr. Oster was properly served as an agent of Defendants, as allowable under the Federal Rules of Civil Procedure and the Indiana Rules of Trial Procedure. Fed. R. Civ. P. 4(h)(1)(A); 4(e)(1); Ind. R. Trial P. 4.6.

15. Accordingly, the deadline for Defendants to respond to Plaintiff's Original Complaint was April 28.

16. Because Defendants have acquired counsel and made overtures toward filing a responsive pleading, default judgment is improper.

17. Plaintiffs are fully aware that Defendants intend to raise arguments under Federal Rules of Civil Procedure 12(b)(5) and 4(m) regarding service to Defendants, but to date Defendants have not done so and so Plaintiff cannot respond.

18. Plaintiff therefore respectfully requests this Court enter an Order deeming Defendants properly served and setting a deadline by which they must file a pleading responsive to Plaintiff' Original Complaint.

19. In the alternative, Plaintiff respectfully requests leave of this Court to serve Defendants by alternate methods. Specifically, Plaintiff requests permission to serve

Page 3 of 5
Jordyn Martinez, et al. v. Tsunami, Inc., et al.
U.S.D.C. (N.D. Ind.) Case No. 2:22-cv-283-PPS-JPK
Plaintiff's Motion to Consider Defendants Served

Defendants via posting at 3626 Calumet Avenue, Hammond, Indiana, which is Tsunami's registered address for service, and through certified mail to the same address.

20.   These methods of service are reasonably calculated to provide actual notice to Defendants of the pendency of this lawsuit.

21.   Plaintiff files with and incorporates fully a memorandum Brief in Support of this Motion.

22.   In support of her Motion, Plaintiff files the following exhibits:

Ex. 1: Tsunami's Ind. Sec. of State Filing;
Ex. 2: ABC Legal Service Attempt History;
Ex. 3: First Proof of Nonservice for Tsunami, Inc.;
Ex. 4: Second Proof of Nonservice for Tsunami, Inc.;
Ex. 5: First Proof of Nonservice for Joseph Kovera;
Ex. 6: Second Proof of Nonservice for Joseph Kovera;
Ex. 7: Third Proof of Nonservice for Tsunami, Inc.;
Ex. 8: Third Proof of Nonservice for Joseph Kovera;
Ex. 9: TLO Skip Trace Report on Joseph Kovera;
Ex. 10: TLP Skip Trace Report on Tsunami, Inc.;
Ex. 11: Apr. 28 Email to Josh Sanford; and
Ex. 12: Unfiled Mot. to Dismiss.

WHEREFORE, premises considered, Plaintiff respectfully prays this Court enter an Order deeming Defendants properly served and setting a date by which Defendants must file a pleading responsive to Plaintiff's Original Complaint, or alternatively granting Plaintiff leave to serve Defendants via posting and certified mail, and awarding all costs and a reasonable attorney's fee incurred in association with properly serving Defendants and grant all other relief to which Plaintiff may be entitled, whether specifically prayed for or not.

Page 4 of 5
Jordyn Martinez, et al. v. Tsunami, Inc., et al.
U.S.D.C. (N.D. Ind.) Case No. 2:22-cv-283-PPS-JPK
Plaintiff's Motion to Consider Defendants Served

Respectfully submitted,

**JORDYN MARTINEZ, Individually and on Behalf of All Others Similarly Situated, PLAINTIFF**

SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Parkway, Suite 510
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

*/s/ Sean Short*
Sean Short
Ark. Bar No. 2015079
sean@sanfordlawfirm.com

FORESTER HAYNIE, PLLC
400 North St. Paul Street, Suite 700
Dallas, Texas 75201
Telephone: (214) 210-2100

David Matthew Haynie
Bar No. 24087692
matthew@foresterhaynie.com

**Page 5 of 5**
**Jordyn Martinez, et al. v. Tsunami, Inc., et al.**
**U.S.D.C. (N.D. Ind.) Case No. 2:22-cv-283-PPS-JPK**
**Plaintiff's Motion to Consider Defendants Served**