005-352

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | | |
|---|---|---|
| JORDYN MARTINEZ, Individually and on Behalf of All Others Similarly Situated, | ) ) ) ) | |
| Plaintiff, | ) | Case No. 2022 cv 00283 |
| v. | ) ) | |
| TSUNAMI, INCORPORATED, and JOSEPH KOVERA, | ) ) | |
| | ) | Judge Philip P. Simon |
| | ) | Magistrate Judge Joshua P. Kolar |
| Defendants | ) | |

## DEFENDANTS, TSUNAMI, INC. AND JOSEPH KOVERA'S MOTION TO DISMISS PURSUANT TO FRCP 12(b)(4) and FRCP 4(m)

Now come the Defendants, TSUNAMI, INC. AND JOSEPH KOVERA, by and through its counsel, Luke A. Casson, Andreou & Casson, Ltd., and respectfully moves to dismiss the Plaintiff's Complaint pursuant to Fed.R.Civ.P. 12(b)(5) and 4(m), and in support thereof states as follows:

### I.     Introduction

The Defendants move for dismissal of the Complaint with prejudice. The Complaint, filed nearly 6 months ago, has yet to be served on the Defendants. However, the Plaintiff has served someone—Richard Oster—who is surely perplexed why cloud of this litigation has landed on his suburban Madison, WI doorstep. Here, we hope to answer that for Mr. Oster and this Court.

### II.     Facts relevant to service

This action comes before the Court upon the Plaintiff's Complaint filed on September 30, 2022. Dkt at 1. The claims brought relate to allegations of the Plaintiff brought against the Defendants for unpaid wages. Id. Also on September 30, 2022, the Court issued Summons directed to Tsunami, Inc., in care of Joseph Kovera, as registered agent of Tsunami, Inc. and Joseph Kovera at 3626 Calumet Ave., Hammond, Indiana. Dkt. at 1-2 and 1-3. On December 27, 2022, the Plaintiff sought additional time in which to serve the Defendants. Dkt. at 3. The Court found good cause and granted the Plaintiff's motion to serve the Defendants by March 29, 2023. See Text Entry Order, Dkt. at 4. On March 29, 2023, the Plaintiff filed a second motion to extend time to serve the Defendants. Dkt. at 7. On March 30, 2023, the Court granted the motion and extended the time to serve to the Defendants by April 28, 2023. See Text Entry Order, Dkt. at 8. On April 17, 2023, the Plaintiff filed proof of service of summons issued on October 3, 2023, duly executed by the Clerk of the Court for the U.S. District Court for the Northern District of Indiana. Dkt. 9 and 10. Attached to the summons filed with the Court are the affidavits of Angela Johnson, certifying that the summons were served upon Richard Oster at 1706 Ashlawn Lane, Waunakee, Wisconsin on April 6, 2023 at 3:01 pm. See Dkt. 9 and 10.

As of April 27, 2023, the Defendants in this matter have not been served with process.

### III.   Argument

The Plaintiff's complaint must be dismissed. She has failed to serve any

Defendant and has represented to the Court that service was affected in this case, but to Richard Oster, who is a complete stranger to the summons, the case, and this litigation.

### A. Motion to Dismiss for Insufficient Process under Rule 12(b)(5)

A motion to dismiss under Rule 12(b)(5) challenges the sufficiency of service of process. When considering such a motion, the court may review additional affidavits submitted by the parties in addition to the pleadings. ***Kimbrell v. Brown***, No. 09-cv-511-JPG, 2009 WL 5064384, at *1 (S.D. Ill. Dec. 17, 2009). "Once a defendant has challenged the sufficiency of service of process with a motion to dismiss under Fed. R. Civ. P. 12(b)(5), the burden is upon the plaintiff to make a prima facie showing that there was proper service." ***Miller v. Deutsche Bank Nat'l Trust Co.***, Cause No. 1:10-CV-2 RM, 2010 WL 1686283, at *1 (N.D. Ind. Apr. 20, 2010); ***Trytko v. US Bank Home Mortg.***, No. 3:17-CV-175-JD-MGG, 2018 WL 4088941, at *4 (N.D. Ind. Aug. 10, 2018), report and recommendation adopted sub nom. ***Trytko v. U.S. Bank Home Mortg.***, No. 3:17-CV-175 JD, 2018 WL 4077018 (N.D. Ind. Aug. 27, 2018).

Here, the burden on the Court is light to conclude that the service of process is insufficient and the complaint warrants dismissal. The summons was issued to Joseph Kovera, both individually and as agent for Tsunami, Inc. Dkt. 9 and 10. The Plaintiff's service agent attests that she served Richard Oster. Id. Richard Oster is not named on the summons. Id. Richard Oster is not an agent of the Defendant, nor is Richard Oster a non de plume of the Defendants. Id.

Dismissal of this matter pursuant to Rule 12(b)(5) is mandatory under the known facts—supplied by the Plaintiff herself. The face of the summons makes it clear that the Plaintiff cannot meet her burden. The Plaintiff served the wrong person. Even if Mr. Oster was the intended recipient, the Plaintiff had two clear opportunities to disclose that fact to the Court. On both December 27, 2022 and March 29, 2023, the Plaintiff could have, and should have, requested the issuance of an alias summons. She did not do that. If, on the other hand, Mr. Oster was not the intended recipient, one can only surmise that the Plaintiff's process server somehow got lost on the way to Calumet Ave. in Hammond and found herself in the suburbs of Madison, WI and served the first person she could find. Whatever the reason or circumstance, it is not relevant to a Rule 12(b)(5) inquiry. The only issue here is whether there has been proper service on the named defendants. The affidavits of service conclusively prove that there has not been service on the Defendants.

For these reasons, the Court must dismiss the Complaint with prejudice.

## B. Motion to Dismiss pursuant to Fed.R.Civ.P. 4(m).

Although Rule 12(b)(5) is a sufficient basis for dismissal, dismissal must also follow for violation of Fed.R.Civ.P. 4(m). Under Fed. R. Civ. P. 4(m), service must be completed within **_ninety days_** of the filing of the complaint. If a defendant is not served in this timeframe, "the court ... must dismiss the action…against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). The Supreme Court insists that federal judges carry out the rules of procedure, whether or not those rules strike the judges as optimal. See, e.g.,

*Leatherman v. Tarrant County*, 507 U.S. 163, 113 S.Ct. 1160, 122 L.Ed.2d 517 (1993); *Torres v. Oakland Scavenger Co.*, 487 U.S. 312, 108 S.Ct. 2405, 101 L.Ed.2d 285 (1988); *Schiavone v. Fortune*, 477 U.S. 21, 106 S.Ct. 2379, 91 L.Ed.2d 18 (1986). See also *Central States Pension Fund v. Central Cartage Co.*, 69 F.3d 1312, 1314 (7th Cir.1995). Schiavone shows that this approach applies to the rules for service of process; in Schiavone service on a corporate division, rather than on the corporation in its own name, led to dismissal of the suit even though the lawyer rectified his error soon after the time for proper service had lapsed. *Schiavone v. Fortune*, 477 U.S. 21, 106 S.Ct. 2379, 91 L.Ed.2d 18 (1986).

"[A]ctual knowledge of the existence of a lawsuit is insufficient to confer personal jurisdiction over a defendant in the absence of valid service of process." *Mid-Continent Wood Products, Inc. v. Harris*, 936 F.2d 297, 301 (7th Cir. 1991). *Trytko v. US Bank Home Mortg.*, No. 3:17-CV-175-JD-MGG, 2018 WL 4088941, at *4 (N.D. Ind. Aug. 10, 2018), report and recommendation adopted sub nom. Trytko v. U.S. Bank Home Mortg., No. 3:17-CV-175 JD, 2018 WL 4077018 (N.D. Ind. Aug. 27, 2018)

In *Trytko,* the Court tackled a very similar issue of untimely service. There, the plaintiff served the wrong agent of the defendant. Id. The Court held that the case must be dismissed where service was untimely because the wrong person was served with process. Notably, the *Trytko* Court cited the 7th Circuit's declaration that, "[a] litigant bears the consequences of errors by its chosen agent." Trytko v. US Bank Home Mortg., No. 3:17-CV-175-JD-MGG, 2018 WL 4088941, at *5 (N.D.

Ind. Aug. 10, 2018), report and recommendation adopted sub nom. Trytko v. U.S. Bank Home Mortg., No. 3:17-CV-175 JD, 2018 WL 4077018 (N.D. Ind. Aug. 27, 2018)(citing *Sims v. EGA Prods., Inc.*, 475 F.3d 865, 869 (7th Cir. 2007).

Similarly, here the Plaintiff served the wrong person. Service of the correct parties at the correct locations is the sole responsibility of the Plaintiff. The Plaintiff here must, as the 7th Circuit aptly noted, "bear the consequences of errors." Those errors militate toward dismissal of the Complaint.

Additionally, here the Plaintiff was afforded considerable opportunities to effect proper and timely service. When considering a process defect like the one involved in this case, the Court must first inquire whether a plaintiff has established good cause for failing to effect timely service. If good cause is shown, the court shall extend the time for service for an appropriate period. Rule 4(m), *Panaras v. Liquid Carbonic Indus. Corp.*, 94 F.3d 338, 340–41 (7th Cir. 1996); also see *Henderson v. United States,* 517 U.S. 654, 116 S.Ct. 1638, 1643, 134 L.Ed.2d 880 (1996) (the Court recognized that in the 1993 amendments to the rules, courts have been accorded discretion to enlarge the service period "even if there is no good cause shown"). Thus, absent a showing of good cause, a district court must still consider whether a permissive extension of time is warranted.

Here, the Court has already done that—twice. Upon the closure of the 90 day period for service under Rule 4(m), the Plaintiff requested, and was granted, another 90 days. Dkt. 3 and 4. On the eve of that extension, the Court granted another 30 days to serve the complaint. Dkt. 7 and 8. The Plaintiff requested nor

has been granted additional time to serve the Defendants. See Docket History. In both motions, the Plaintiff asserted that a process server had been engaged and had spoken to Joseph Kovera on October 24, 2022, but no other dates following that discussion. Neither motion was supported by affidavit or supporting documentation. Without any intention to relitigate the Court's finding of good cause, it is clear that the Plaintiff made little to no effort to serve the Defendants. Indeed, it appears that through her own actions, the Plaintiff engaged a process server who wandered into the wrong city, in the wrong state, to serve the wrong person. On this alone, it is difficult to identify the "good cause" the Plaintiff references in her motions.

Even so, there is no evidence that the Plaintiff made even a cursory effort to locate the Defendants. A brief survey of publicly available databases reveal every residential and business address of the Defendants. Certainly, even the slightest amount of diligence would suggest service could be accomplished in a timely manner with available information. Ignorance may be an explanation but is not an excuse. *Williams–Guice v. Chicago Board of Education*, 45 F.3d 161, 163–64 (7th Cir.1995); Tso v. Delaney, 969 F.2d 373, 376 (7th Cir.1992); Lewellen v. Morley, 909 F.2d 1073, 1077 (7th Cir.1990); *Redfield v. Continental Casualty Corp.*, 818 F.2d 596, 602 (7th Cir.1987).

Here, the Plaintiff is out of options and out of chances. Having been provided with ample opportunity, ample information, and ample resources, the Plaintiff not only failed to serve the Defendants in a timely manner, she failed to serve them at

all—all while her service processor representing to the Court that service on Richard Oster constituted complete service.

IV.    Conclusion

The Plaintiff has failed to serve the right Defendants, at the right location, in the right time. Rules 12(b)(5) and 4(m) demand dismissal after the granting of two extensions to serve the Defendants. The Plaintiff has not shown that it has taken steps to effectively serve the Defendants at all and, instead, represents that service on a non-defendant, in a different judicial district, comports with this Court's mandate to serve the Defendants prior to April 27, 2023. For these reasons, the Plaintiff prays that the Court dismiss the Complaint with prejudice and for all other relief just and proper in the premises.

Respectfully submitted,

ANDREOU & CASSON, LTD.

By: /s/ Luke A. Casson
        Luke A. Casson

ID No. 6257881
Andreou & Casson, Ltd.
Luke A. Casson
Attorneys for Defendant
661 West Lake Street, Suite 2 North
Chicago, Illinois 60661
PH: (312) 935-2000
lcasson@andreou-casson.com