IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

**JORDYN MARTINEZ, Individually and on**            **PLAINTIFF**
**Behalf of All Others Similarly Situated**

vs.            No. 2:22-cv-283-PPS-JPK

**TSUNAMI, INCORPORATED,**            **DEFENDANTS**
**and JOSEPH KOVERA**

## BRIEF IN SUPPORT OF MOTION TO CONSIDER DEFENDANTS PROPERLY SERVED OR ALTERNATIVELY FOR ALTERNATE SERVICE

As more fully detailed below, Plaintiff has attempted to serve Defendants through normal means for over six months. Despite being aware of this pending litigation since last October, Defendant Joseph Kovera ("Mr. Kovera"), who is the registered agent for Defendant Tsunami, Incorporated ("Tsunami"), has persistently dodged service and refused to make himself available to receive the documents necessary to properly serve Defendants. In accordance with Indiana law, Plaintiff served one of Tsunami's executive officers, Richard Oster, who promptly provided the documents to Mr. Kovera. Because Defendants have willfully evaded service in this case, and because Plaintiff can prove that Defendants have received actual notice of this lawsuit via service on Mr. Oster, Plaintiff respectfully requests that this Court consider Defendants properly served and allow this case to proceed accordingly. In the alternative, should the Court consider service on Mr. Oster as ineffective service on Defendants, Plaintiff respectfully requests permission to serve Defendants by alternate means.

Page 1 of 11
Jordyn Martinez, et al. v. Tsunami, Inc., et al.
U.S.D.C. (N.D. Ind.) Case No. 2:22-cv-283-PPS-JPK
Brief in Support of Motion to Consider Defendants Served

I.     INTRODUCTION

Plaintiff filed this lawsuit on September 30, 2022 (ECF No. 1), and the Court issued summonses for Defendants on October 3. Plaintiff duly contacted a process server, who first attempted service on Defendants on October 19. *See* First Proof of Nonservice for Tsunami, Inc., attached as Ex. 3. The process server attempted service at 3626 Calumet Ave., Hammond, Indiana,[1] on October 19 and 22, but was unable to access the building because the business was closed. *See* Ex. 3; *see also* ABC Legal Service Attempt History, attached as Ex. 2. On October 24, the process server again unsuccessfully attempted service at 3626 Calumet but was also able to speak with Mr. Kovera on the phone. *See* Exs. 2, 3. Mr. Kovera told the process server that he was out of town "for at least a week," and the process server would have to call him back. Ex. 3. A week later, the process server duly attempted service at 3626 Calumet and placed calls on November 1 and 3. Exs. 2, 3. Mr. Kovera was apparently not present and refused to answer the calls, but the process server left voicemails. *Id*. On November 3, the process server encountered a presumed doorman at 3626 Calument, who informed her that "nobody by subject's name is at location and this is Industrial Strip." Ex. 3.

After these attempts, Plaintiff performed a skip trace search for a new address for Mr. Kovera with which to attempt service and provided this address to the process server. *See* TLO Skip Trace Report on Joseph Kovera, attached as Ex. 9. On November 13, the process server attempted to serve Mr. Kovera at 201 North Westshore Drive, Apartment 2506, Chicago, Illinois, but received no answer. *See* Ex. 2; Second Proof of Nonservice for Tsunami, attached as Ex. 4. On November 16, an

---

[1] This is the address Tsunami provided for service through its business filings with the Indiana Secretary of State. *See* Tsunami's Sec. of State Filing, attached as Ex. 1.

Page 2 of 11
**Jordyn Martinez, et al. v. Tsunami, Inc., et al.**
**U.S.D.C. (N.D. Ind.) Case No. 2:22-cv-283-PPS-JPK**
**Brief in Support of Motion to Consider Defendants Served**

individual answered the door at 201 North Westshore and informed the process server that Mr. Kovera had moved from the location. Ex. 4. The process server then spoke with the property manager at the location who provided a telephone number. *See* First Proof of Nonservice for Joseph Kovera, attached as Ex. 5. The process server spoke with an individual who identified himself as Joseph Kovera. *Id*.

Following the unsuccessful service attempts at 201 North Westshore, Plaintiff provided the process server with the next address on the skip trace report. On December 14, the process server attempted service at 3617 North Bell Avenue, Chicago, Illinois, where he spoke with an individual who stated Mr. Kovera had moved. *See* Ex. 2; Second Proof of Nonservice for Joseph Kovera, attached as Ex. 6. On December 19, the process server again attempted service at 201 North Westshore, where he was informed by a security guard that although Mr. Kovera owned units in the building, he did not currently live there. *See* Third Proofs of Nonservice for Tsunami and Joseph Kovera, attached as Exs. 7 and 8, respectively. As the deadline for service on Defendants approached, Plaintiff requested and was granted a 90-day extension. Mot. for Ext. of Time for Service of Process, ECF No. 3. Based on the information obtained via discussions with property managers and neighbors, the process service company investigated and performed service at a new address: 722 211th Street, Dyer, Indiana. *See* Ex. 2. The process server attempted service at 722 211th Street two times on December 21. *Id*.

Plaintiff attempted service at various addresses throughout March and April, with no success. *See* Ex. 2. These attempts include locations in Chicago, Wisconsin and a new address in Hammond, Indiana. *Id*. Plaintiff attempted service on Mr. Kovera as

Page 3 of 11
Jordyn Martinez, et al. v. Tsunami, Inc., et al.
U.S.D.C. (N.D. Ind.) Case No. 2:22-cv-283-PPS-JPK
Brief in Support of Motion to Consider Defendants Served

recently as May 5. *Id*. Ultimately, Plaintiff attempted service on Mr. Kovera 21 times at 7 addresses in 3 states. *See* Ex. 2.

Meanwhile, Plaintiff sought and was granted an additional 90-day extension. Sec. Mot. for Ext. of Time for Service of Process, ECF Nos. 7, 8. Finally, when it became apparent that Mr. Kovera was not going to make himself available for service despite being aware of the process servers' attempts,[2] Plaintiff chose to serve Tsunami via "process upon . . . an executive officer," which is allowable under Indiana law. Ind. R. Trial P. 4.6; *Burger Man, Inc. v. Jordan Paper Prods., Inc.*, 170 Ind. App. 295, 317, 352 N.E.2d 821, 834–35 (1976). On April 7, Plaintiff properly served Richard Oster, who is listed as Tsunami's "incorporator" with the Indiana Secretary of State. Proofs of Service, ECF Nos. 9–10; *see also* Ex. 1.

On April 28, which was the deadline for Defendants to respond to Plaintiff's Complaint, Plaintiff's counsel received an email from Defendants' counsel with a Motion to Dismiss for lack of proper service attached. *See* Apr. 28 Email to Josh Sanford, attached as Ex. 11; Unfiled Mot. to Dismiss, attached as Ex. 12. Plaintiff began drafting a Response to the Motion to Dismiss but noted that the Motion to Dismiss had not been filed with the Court. When the deadline for Plaintiff to respond to the Motion to Dismiss passed without the Motion ever being filed, Plaintiff converted her Response into this Motion.

## II.     LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 4(h)(1)(A), any corporation, partnership, or association may be served "in the manner prescribed by Rule 4(e)(1) for

---

[2] The process servers spoke with Mr. Kovera on the phone on at least two occasions and left multiple voicemails. *See* Exs. 3 and 5.

Page 4 of 11
Jordyn Martinez, et al. v. Tsunami, Inc., et al.
U.S.D.C. (N.D. Ind.) Case No. 2:22-cv-283-PPS-JPK
Brief in Support of Motion to Consider Defendants Served

serving an individual." Rule 4(e)(1) states that "an individual . . . may be served in a judicial district of the United States by . . . following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Thus, service on both Tsunami and Mr. Kovera may be made according to the state laws of Indiana regarding service of process.

The Indiana Rules of Trial Procedure state that an organization is effectively served if process is made "upon an executive officer thereof, or if there is an agent appointed or deemed by law to have been appointed to receive service, then upon such agent." Ind. R. Trial P. 4.6(A)(1). Indiana courts have construed this rule as providing litigants with an option: they may serve *either* an executive officer of the organization *or* the organization's registered agent. *Burger Man, Inc.*, 170 Ind. App. at 317, 352 N.E.2d at 834–35; *Fid. Fin. Servs. v. West*, 640 N.E.2d 394, 400–01 (Ind. Ct. App. 1994). Thus, Tsunami may be effectively served via service on its registered agent, Mr. Kovera, *or* via service upon another of its executive officers.

Under Indiana law, an "executive officer" of an organization is defined as the "president, vice-president, secretary, treasurer, cashier, director, chairman of the board of directors or trustees, office manager, plant manager, or subdivision manager, partner, or majority shareholder." Ind. R. Trial P. 83. Importantly, this definition is explicitly expanded "[f]or the purposes of service of process" to include "any person employed under or with any of the foregoing persons and who is entrusted with responsible handling of legal papers, and any person employed in the organization if such person promptly delivers the papers served to one of the foregoing." *Id*. Thus, as an organization in the jurisdiction of Indiana, Tsunami may be effectively served via

Page 5 of 11
Jordyn Martinez, et al. v. Tsunami, Inc., et al.
U.S.D.C. (N.D. Ind.) Case No. 2:22-cv-283-PPS-JPK
Brief in Support of Motion to Consider Defendants Served

process on anyone who operates as an officer or employee of Tsunami "who is entrusted with responsible handling of legal papers."

Indiana courts have noted the "discretionary" nature of Indiana Rules of Trial Procedure 4.1 (service on an individual) and 4.6 (service on an organization). *Washington v. Allison*, 593 N.E.2d 1273, 1275 (Ind. Ct. App. 1992) ("Ind. Trial Rules 4.1 and 4.6 provide that service *may be made* upon an individual, in the case of T.R. 4.1, or upon an organization, in the case of T.R. 4.6. In contrast, other rules provide that service *shall be made* upon certain parties in a designated manner."). Coupled with the savings clause found in Rule 4.15(F), which provides that "no summons or the service thereof shall be set aside or adjudged insufficient when . . . [it] is reasonably calculated to inform the person to be served that an action has been instituted against him," Indiana courts have determined that "personal jurisdiction is acquired by any method of service of summons which comports with due process." *Washington*, 593 N.E.2d at 1275.

The Seventh Circuit has found that "service of process that is reasonably calculated to inform, consistent with the letter of Trial Rule 4.15(F), is sufficient even if it fails to actually inform the party to which it is directed." *Swaim v. Moltan Co.*, 73 F.3d 711, 721 (7th Cir. 1996). This Rule is primarily used in cases in which a defendant has actual notice of the lawsuit or willfully evades proper service. *Homer v. Jones-Bey*, 415 F.3d 748, 757 (7th Cir. 2005) ("Indiana courts have explained the purpose of Rule 4.15(F) as preventing defendants from ignoring reasonably calculated service based on harmless technical defects (something which would be impossible for a defendant without actual notice).").

Page 6 of 11
Jordyn Martinez, et al. v. Tsunami, Inc., et al.
U.S.D.C. (N.D. Ind.) Case No. 2:22-cv-283-PPS-JPK
Brief in Support of Motion to Consider Defendants Served

### III.     ARGUMENT

Despite being aware of this litigation for six months, Defendants have dodged their responsibilities in the most amateur way possible, allowed this case to pend indefinitely, and are now playing fast and loose with rules of procedure by indicating an intent to engage with litigation without actually doing so. Plaintiff effectively served Tsunami and Mr. Kovera via service on Richard Oster. Defendants have actual notice of this lawsuit and this case should be allowed to (finally) proceed on the merits.

**A. Defendants were properly served via service on Richard Oster.**

This Court should consider Defendants properly served because service on Richard Oster was effective service on Defendants. Both the Federal Rules of Civil Procedure and the Indiana Rules of Trial Procedure allow for substitutionary service "upon a person or his agent pursuant to these rules" when the person named on the summons is unavailable or evades service. Ind. R. Trial P. 4.6; *see also generally*, Fed. R. Civ. P., 4(e); Ind. R. Trial P. 4.4; 4.5. Plaintiff served Mr. Oster as Defendants' "agent" because Mr. Kovera refused to make himself available for service. Thus, Plaintiff did not serve Mr. Oster with the expectation that Mr. Oster appear before this Court; Plaintiff served Mr. Oster with the expectation that he would provide the served documents to Mr. Kovera.[3] This is proper service on Tsunami via service on an executive officer, and proper service on Mr. Kovera via a substitutionary agent.

In *Washington v. Allison*, the Indiana Court of Appeals determined that leaving a copy of the summons and complaint with an employee at the location where the defendant practiced medicine on a daily basis comported with due process and the

---

[3] Mr. Oster clearly fulfilled this function. After effecting service on Mr. Oster, Defendants' counsel sent Plaintiff's counsel the unfiled Motion to Dismiss on the day that a responsive document would be due with the Court, indicating that Defendants received notice of the lawsuit. *See* Ex. 11.

Page 7 of 11
Jordyn Martinez, et al. v. Tsunami, Inc., et al.
U.S.D.C. (N.D. Ind.) Case No. 2:22-cv-283-PPS-JPK
Brief in Support of Motion to Consider Defendants Served

defendant was properly served. 593 N.E.2d at 1276. In *Jerman v. Cash-Pro*, the Indiana Court of Appeals declined to set aside a default judgment although the Defendant had not lived in-state for almost 10 years when the plaintiff served the defendant at his last-known Indiana address, found through a skip trace service. 29 N.E.3d 181 (Ind. Ct. App. 2015). The court noted that the plaintiff's attempts to serve the defendant were "more than a 'mere gesture,' and were instead genuine endeavors to locate and serve him." *Id*. (quoting *L.D. v. Jo.D.*, 938 N.E.2d 666, 671 (Ind. 2010)).

Like in *Washington* and *Jerman*, Plaintiff's attempts to serve Mr. Kovera were more than "mere gestures." Plaintiff attempted service multiple times at multiple addresses, all to no avail. Ultimately, Plaintiff effected service on Mr. Oster, which was a method reasonably calculated to provide notice to Defendants because Mr. Oster is listed beside Mr. Kovera on Tsunami's Indiana Secretary of State filings. Regardless of whether Mr. Oster has continued dealings with either Defendant, the effectiveness of service on Mr. Oster cannot be disputed—it was only after Mr. Oster received notice of this lawsuit that Defendants engaged with Plaintiff's counsel.

While Defendants plan to argue that Mr. Oster was neither Defendant's agent,[4] Mr. Oster is listed in multiple locations as an "incorporator" for Tsunami. *See* Ex. 1; *see also* Skip Trace Report for Tsunami, attached as Ex. 10. Mr. Oster is an individual with direct and legally provable ties to Defendants. Specifically, Plaintiff Mr. Oster is "employed . . . with [an executive officer of Tsunami] . . . who is entrusted with handling

---

[4] This is not theoretical—in the unfiled Motion to Dismiss, Defendants engage in an embarrassing display of empty grandstanding by smugly claiming that Plaintiff's process server "got lost on the way to Calumet Ave. in Hammond and found herself in the suburbs of Madison, WI and served the first person she could find." *See* Unfiled Mot. to Dismiss, attached as Ex. 12.

Page 8 of 11
Jordyn Martinez, et al. v. Tsunami, Inc., et al.
U.S.D.C. (N.D. Ind.) Case No. 2:22-cv-283-PPS-JPK
Brief in Support of Motion to Consider Defendants Served

of legal papers," who ultimately "promptly deliver[ed] the papers served" to Mr. Kovera, as required by Indiana law. Ind. R. Trial P. 83.

Even if service is technically improper if Mr. Oster does not fit the broad definition of an executive officer found in the Indiana Rules of Trial Procedure, Rule 4.15(F) should be applied, and Plaintiff's service should be considered effective because service on Mr. Oster would not have been necessary if Mr. Kovera had simply accepted service (as was his obligation as Tsunami's registered agent) when he was made aware of the litigation *in October*. *See* Ex. 3 (detailing the phone call and voicemails between Mr. Kovera and Plaintiff's process server); *see also* Ind. R. Trial P. 4.16 (imposing a sanctionable duty on all individuals to accept service of papers when service is attempted); *Spangler v. State*, 607 N.E.2d 720, 725 (Ind. 1993) ("If the process server attempts personal service, and the individual to be served refuses delivery, the refusal may not defeat a court's jurisdiction, since the person to be served is on notice of the pendency of some court proceeding, whether or not that person has actual knowledge of the particular proceeding."). Plaintiff's process servers attempted service at Defendants' listed address for service seven times at multiple times of day, only to be rebuffed, avoided, lied to, and turned away every time. *See* Exs. 2, 3. Plaintiff's process servers attempted service at what was believed to be residential addresses for Mr. Kovera and were again avoided and dodged. *See* Exs. 2–8. Even the process servers' multiple phone calls were ignored. *See id*.

Because of Defendants' willful evasion of service, Plaintiff served Mr. Oster, who has provable legal ties to Tsunami, and who presumably performed the function Plaintiff expected of him by providing the served documents to Mr. Kovera. Plaintiff has

Page 9 of 11
Jordyn Martinez, et al. v. Tsunami, Inc., et al.
U.S.D.C. (N.D. Ind.) Case No. 2:22-cv-283-PPS-JPK
Brief in Support of Motion to Consider Defendants Served

effectively served Defendants according to Indiana Rule of Trial Procedure 4.1(A)(4) by serving Defendants' agent, and Rule 4.1(B) by mailing a copy of the Complaint and summonses to Mr. Kovera's last-known address. *See* ECF Nos. 9–10; *see also Storm Damage Specialists of Am. v. Johnson*, 984 N.E.2d 660, 666 (Ind. Ct. App. 2013) (holding that service at the address registered with the Secretary of State comported with due process). Defendants indisputably have notice of this lawsuit and should not be permitted to continue to mock the judicial process by avoiding its obligations. Plaintiff respectfully requests that the Court enter an order considering Defendants properly served and set a date by which Defendants must respond to Plaintiff's Complaint.

### B. In the alternative, Plaintiff should be allowed to serve Defendants by alternate means.

The current deadline for proper service on Defendants is June 23. *See* ECF No. 8. If this Court does not consider service on Mr. Oster as proper service on Defendants, Plaintiff respectfully requests this Court grant leave for Plaintiff to serve Defendants using alternative means. As detailed above, Plaintiff has been diligent in attempting to serve Defendants by ordinary means and has been unsuccessful due to Mr. Kovera's evasiveness. Plaintiff respectfully requests permission to serve Defendants via posting of documents at 3626 Calumet, Hammond, Indiana, and by certified mail to the same address. These methods are reasonably calculated to inform Defendants regarding the pendency of this lawsuit in accordance with Indiana law.

## II.   CONCLUSION

Plaintiff has effectively served Defendants in accordance with Indiana law. Defendants should not be permitted to dodge all responsibilities to respond to this lawsuit by nominally but not actually engaging in the litigation. In the alternative,

Page 10 of 11
Jordyn Martinez, et al. v. Tsunami, Inc., et al.
U.S.D.C. (N.D. Ind.) Case No. 2:22-cv-283-PPS-JPK
Brief in Support of Motion to Consider Defendants Served

Defendants have shown themselves to be unservable by ordinary means, and Plaintiff should be permitted to effect service via posting and certified mail.

    Respectfully submitted,

**JORDYN MARTINEZ, Individually and on Behalf of All Others Similarly Situated, PLAINTIFF**

SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Parkway, Suite 510
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

*/s/ Sean Short*
Sean Short
Ark. Bar No. 2015079
sean@sanfordlawfirm.com

FORESTER HAYNIE, PLLC
400 North St. Paul Street, Suite 700
Dallas, Texas 75201
Telephone: (214) 210-2100

David Matthew Haynie
Bar No. 24087692
matthew@foresterhaynie.com

Page 11 of 11
Jordyn Martinez, et al. v. Tsunami, Inc., et al.
U.S.D.C. (N.D. Ind.) Case No. 2:22-cv-283-PPS-JPK
Brief in Support of Motion to Consider Defendants Served