UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| JORDYN MARTINEZ, individually and on behalf of all others similarly situated,<br>　　　　Plaintiff,<br><br>　　v.<br><br>TSUNAMI, INC., and JOSEPH KOVERA,<br>　　　　Defendants. | )<br>)<br>)<br>)<br>)　CAUSE NO.: 2:22-CV-283-PPS-JPK<br>)<br>)<br>) |

**ORDER**

This matter is before the Court on Plaintiff's Motion to Consider Defendants Properly Served or Alternately for Alternate Service [DE 11]. Defendants Joseph Kovera and Tsunami, Inc. have not responded to the motion, and the time to do so has passed.

Plaintiff Jordyn Martinez indicates she has repeatedly tried to serve the defendants, apparently without success. The motion papers detail Martinez's extensive efforts to serve the defendants before the motion was filed. Martinez engaged a process server, tried numerous addresses, and claims to have attempted service on Kovera 21 times. *See* [DE 11, 12]. The Court ordered Martinez to send this motion and the relevant documents to the defendants by certified mail, which she did. [*See* DE 13, 14].

The Court finds that Martinez has properly served the defendants. In federal court, service on an individual or a corporation can be achieved by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1), 4(h)(1)(A). Indiana law permits service on an individual by "sending a copy of the summons and complaint by registered or certified mail . . . to his residence, place of business or employment with return receipt requested and returned showing receipt of the letter." Ind. R. Tr. Pro. 4.1(A)(1). Service on an "organization" can be achieved by

service on an individual who is "an executive officer [or] an agent appointed or deemed by law to have been appointed to receive service." Ind. R. Tr. Pro. 4.6(A). Further, the Court may approve an alternate method for service if it is "reasonably calculated to give the defendant actual knowledge of the proceedings and an opportunity to be heard." Ind. R. Tr. Pro. 4.14, 4.15(F); *see also Swaim v. Moltan Co.*, 73 F.3d 711, 721 (7th Cir. 1996) (holding that Trial Rules 4.1 and 4.6 provide "general guidelines," but "service of process that is reasonably calculated to inform, consistent with the letter of Trial Rule 4.15(F), is sufficient even if it fails to actually inform the party to which it is directed") (citing *Washington v. Allison*, 593 N.E.2d 1273, 1275 (Ind. Ct. App. 1992)).

The Indiana Secretary of State lists Joseph Kovera as the only "governing person," as well as the registered agent, for Tsunami, Inc. *See* [DE 11-1]. Therefore, proper service on Kovera would establish service on the organization. Even if not accomplished prior to the motion, service on Kovera was likely accomplished by the mailing of the summons and complaint to Kovera by certified mail, in response to the Court's order. *See* [DE 14]. Martinez submitted evidence that the address for that mailing, 3617 N. Bell Ave., Chicago, IL 60618, is both a residence and a place of business or employment for Kovera. *See*, *e.g.*, [DE 11-9 at 21, 47].

The record cuts against any inference that Martinez's efforts at service have simply gone to the wrong addresses. Attached to Martinez's motion is correspondence from a law firm apparently representing both defendants, including a motion to dismiss apparently written on their behalf, but never filed. [*See* DE 11-11, 11-12]. The Court took the additional step of serving its order on the attorney purportedly representing the defendants. [DE 14]. However, no response was received from counsel or the defendants. The record strongly suggests that the defendants are aware of the lawsuit and are either evading service or simply choosing not to appear. Therefore,

to the extent service was not accomplished under Indiana Trial Rules 4.1 and 4.6, the Court finds that Martinez's compliance with the Court's order is a method of service "reasonably calculated to give the defendant actual knowledge of the proceedings and an opportunity to be heard," and finds service accomplished under Trial Rules 4.14 and 4.15(F).

Accordingly, the Court **GRANTS** Plaintiff's motion [DE 11], and **ORDERS** that Defendants' answer or responsive pleading, if any, must be filed by **September 12, 2023**.

So ORDERED this 22nd day of August, 2023.

s/ Joshua P. Kolar
MAGISTRATE JUDGE JOSHUA P. KOLAR
UNITED STATES DISTRICT COURT

cc:   Luke A. Casson, Andreou & Casson, Ltd., 661 West Lake Street, Suite 2N, Chicago, IL 60661