005-352

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | | |
|---|---|---|
| JORDYN MARTINEZ, Individually and on Behalf of All Others Similarly Situated,  <br><br>Plaintiff,  <br>v.  <br><br>TSUNAMI, INCORPORATED, and JOSEPH KOVERA,  <br><br>Defendants | ) ) ) ) ) ) ) ) ) ) ) ) ) | Case No. 2022 cv 00283  <br><br>Judge Philip P. Simon  <br>Magistrate Judge Joshua P. Kolar |

Now come the Defendants, Tsunami, Inc. ("Tsunami") and Joseph Kovera ("Kovera"), (collectively "Defendants") by and through their counsel, Scott E. Yahne, Yahne.Law, P.C., and Luke Casson, ANDREOU & CASSON, LTD., and for their answer to Plaintiffs' Complaint state as follows:

### I.     PRELIMINARY STATEMENTS

1. This is a collective action brought by Plaintiff, individually and on behalf of all others similarly situated, against Defendant for violations of the minimum wage and overtime provisions of the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. ("FLSA"), or in the alternative the minimum wage and overtime provisions of the Indiana Minimum Wage Act, Ind. Code § 22-2-2 et seq. ("IMWA").

**Answer: Paragraph 1 of Plaintiff's Complaint (the "Complaint") contains legal conclusions for which no response is required.**

2. Plaintiff seeks a declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and a reasonable attorney's fee and costs as a result of Defendant's policy and practice of failing to pay proper minimum wage and overtime compensation under the FLSA and the IMWA.

**Answer: Paragraph 2 of the Complaint contains legal conclusions for which no response is required.**

### II.     JURISDICTION AND VENUE

3. The United States District Court for the Northern District of Indiana has subject

  matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

**Answer: Defendants admit that this Court has subject matter jurisdiction. To the extent that any allegations are made against Defendants in Paragraph 3 of the Complaint, Defendants deny all allegations set forth in that paragraph.**

4.  This Complaint also alleges IMWA violations, which arise out of the same set of operative facts as the federal cause of action; accordingly, this Court has supplemental jurisdiction over Plaintiff's IMWA claims pursuant to 28 U.S.C. § 1367(a).

**Answer: Defendants admit that this Court has supplemental jurisdiction over Plaintiff's IMWA claims. To the extent that any allegations are made against Defendants in Paragraph 4 of the Complaint, Defendants deny all allegations set forth in that paragraph.**

5.  The acts complained of herein were committed and had their principal effect against Plaintiff within the Hammond Division of the Northern District of Indiana; therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

**Answer: Defendants admit that venue is proper within the Hammond Division of the Northern District of Indiana. To the extent that any allegations are made against Defendants in Paragraph 5 of the Complaint, Defendants deny all allegations set forth in that paragraph.**

### III. THE PARTIES

6.  Plaintiff is an individual and resident of Lake County.

**Answer: Defendants lack the knowledge to answer the allegations set forth in Paragraph 6.**

7.  Separate Defendant Joseph Kovera ("Kovera") is an individual and resident of Lake County.

**Answer: Defendant Joseph Kovera is an individual and a resident of Cook County, Illinois.**

8.  Separate Defendant Tsunami, Incorporated ("Tsunami"), is a domestic, for-profit corporation.

**Answer: Defendant Tsunami admits to the allegations set forth in paragraph 8.**

9.  Tsunami's registered agent for service of process is Joseph Kovera at 3626 Calumet Avenue, Hammond, Indiana 46320.

**Answer: Defendant Tsunami admits to the allegations set forth in paragraph 9.**

10. Tsunami does business as Industrial Strip.

**Answer: Defendant Tsunami admits to the allegations set forth in paragraph 10.**

11. Defendants, in the course of their business, maintains a website at https://www.industrialstrip.com/.

**Answer: Defendant Tsunami admits to the allegations set forth in paragraph 11.**

### IV.   FACTUAL ALLEGATIONS

12. Defendant employs two or more individuals who engage in interstate commerce or business transactions, or who produce goods to be transported or sold in interstate commerce, or who handle, sell, or otherwise work with goods or materials that have been moved in or produced for interstate commerce, such as food and beverages.

**Answer: Paragraph 12 of the Complaint contains legal conclusions for which no response is required. Further answering, Defendant Tsunami admits that it employs two or more individuals but denies all other allegations set forth in paragraph 12. Defendant Kovera, in his individual capacity, denies all allegations set forth in paragraph 12.**

13. Defendant's annual gross volume of sales made or business done is not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) in each of the three years preceding the filing of the Original Complaint.

**Answer: Paragraph 13 of the Complaint contains legal conclusions for which no response is required. Further answering, Defendant Tsunami admits to the allegations set forth in paragraph 13. Defendant Kovera, in his individual capacity, denies all allegations set forth in paragraph 13.**

14. Kovera is a principal, director, officer, and/or owner of Tsunami.

**Answer: Paragraph 14 of the Complaint contains legal conclusions for which no response is required. To the extent an answer is required, Defendant Kovera admits only that he is the primary shareholder, President, and Secretary of Tsunami, Inc.**

15. Kovera took an active role in operating Tsunami and in the management thereof.

**Answer: Paragraph 15 of the Complaint contains legal conclusions for which no response is required. Further answering, Defendant Kovera states again only that he is the primary shareholder, President, and Secretary of Tsunami, Inc.**

16. Kovera, in his role as an operating employer of Kovera, had the power to hire and fire Plaintiff, often supervised Plaintiff's work and determined her work schedules, and made decisions regarding Plaintiff's pay, or lack thereof.

**Answer: Paragraph 16 of the Complaint contains legal conclusions for which no response is required. Further answering, Defendant Kovera denies that Plaintiff was an employee, and thus denies all further allegations set forth in paragraph 16.**

17. Kovera, at relevant times, exercised supervisory authority over Plaintiff in relation to her work schedule, pay policy and the day-to-day job duties that Plaintiff's work entailed.

**Answer: Paragraph 16 of the Complaint contains legal conclusions for which no response is required. To the extent an answer is required, Defendant Kovera denies all allegations set forth in paragraph 16.**

18. Within the three years preceding the filing of this Complaint, Defendant has continuously employed at least two employees.

**Answer: Paragraph 18 of the Complaint contains legal conclusions for which no response is required. Further answering, Defendant Tsunami admits to the allegations set forth in paragraph 18. Defendant Kovera, in his individual capacity, denies all allegations set forth in paragraph 18.**

19. Defendant acted as the employer of Plaintiff and is engaged in interstate commerce as that term is defined under the FLSA and the IMWA.

**Answer: Paragraph 19 of the Complaint contains legal conclusions for which no response is required. To the extent an answer is required, Defendants Tsunami and Kovera deny all allegations set forth in paragraph 19.**

20. At all times material herein, Plaintiff has been entitled to the rights, protections, and benefits provided under the FLSA and the IMWA.

**Answer: Paragraph 20 of the Complaint contains legal conclusions for which no response is required. To the extent an answer is required, Defendants Tsunami and Kovera deny all allegations set forth in paragraph 20.**

21. Plaintiff was employed at Defendant's club in Hammond, Indiana, called Industrial Strip (hereinafter, "the Club").

**Answer: Defendant Tsunami and Defendant Kovera deny all allegations set forth in paragraph 21.**

22. Defendant employed Plaintiff within the three years preceding the filing of this lawsuit.

**Answer: Defendant Tsunami and Defendant Kovera deny all allegations set forth in paragraph 22.**

23. Specifically, Defendant employed Plaintiff as a Dancer from 2018 until the present.

**Answer: Defendant Tsunami and Defendant Kovera deny all allegations set forth in paragraph 23.**

24. Defendant classified Plaintiff as an independent contractor, exempt from the overtime requirements of the FLSA.

**Answer: Paragraph 24 of the Complaint contains legal conclusions for which no response is required. To the extent an answer is required, Defendant Tsunami and Defendant Kovera state that Dancers may choose to be classified as independent contractors when providing adult entertainment at Industrial Strip.**

25. Defendant also employed other Dancers.

**Answer: Defendant Tsunami and Defendant Kovera deny all allegations set forth in paragraph 25.**

26. Defendant also classified other Dancers as independent contractors.

**Answer: Paragraph 26 of the Complaint contains legal conclusions for which no response is required. To the extent an answer is required, Defendant Tsunami and Defendant Kovera state that Dancers may choose to be classified as independent contractors when providing adult entertainment at Industrial Strip.**

27. Plaintiff performed stage dances and lap dances on Defendant's premises.

**Answer: Defendant Tsunami and Defendant Kovera lack the knowledge to answer with specificity the allegations set forth in paragraph 27.**

28. Other Dancers had the same or similar duties as Plaintiff.

**Answer: Defendant Tsunami and Defendant Kovera admit only that Dancers, as independent contractors, performed stage dances and lap dances. Defendants lack the knowledge and therefore deny all allegations that these duties were same or similar to those of Plaintiff.**

29. Defendant directly hired Plaintiff and other Dancers, controlled their work schedules, duties, protocols, applications, assignments and employment conditions, and kept at least some records regarding their employment.

**Answer: Defendant Tsunami and Defendant Kovera deny all allegations set forth in paragraph 29.**

30. Plaintiff and other Dancers did not financially invest in Defendant's business.

**Answer: To the extent that "financially invest" is undefined, Defendant Tsunami and Defendant Kovera state that Plaintiff and other Dancers did not formally purchase shares in Tsunami, Inc.**

31. Plaintiff and other Dancers did not share in Defendant's profits or losses.

**Answer: To the extent that "share in Defendant's profits and losses" is undefined, Defendant Tsunami and Defendant Kovera state that Plaintiff and other Dancers did not formally purchase shares in Tsunami, Inc.**

32. Defendant, not Plaintiff or other Dancers, set prices for lap dances and private dances.

**Answer: Defendant Tsunami and Defendant Kovera deny all allegations set forth in paragraph 32.**

33. Defendant determined Plaintiff's and other Dancers' pay scale for services without input from or negotiation with Plaintiff and other Dancers.

**Answer: Defendant Tsunami and Defendant Kovera deny all allegations set forth in paragraph 33.**

34. Defendant, not Plaintiff or other Dancers, decided whether and how many Dancers to hire.

**Answer: Defendant Tsunami sought the services of independent contractors and employees when needed as part of the work of Industrial Strip. Defendant Tsunami and Defendant Kovera deny all other allegations set forth in paragraph 34.**

35. Plaintiff and other Dancers were hired to work for Defendant for a continuous and ongoing period of time.

**Answer: Defendant Tsunami and Defendant Kovera deny all allegations set forth in paragraph 35.**

36. Plaintiff and other Dancers did not select any employees for hire, nor did they have any ability to fire employees.

**Answer: Defendant Tsunami sought the services of independent contractors and employees when needed as part of the work of Industrial Strip. Defendant Tsunami and Defendant Kovera deny all other allegations set forth in paragraph 36.**

37. Plaintiff and other Dancers did not have any control of or authority over any employee's rate of pay or working hours.

**Answer: Defendant Tsunami sought the services of independent contractors and employees when needed as part of the work of Industrial Strip. Defendant Tsunami and Defendant**

Kovera deny all other allegations set forth in paragraph 37.

38. Defendant set the Club policies and rules and had complete control over the venue.

**Answer: Defendant Tsunami and Defendant Kovera admit only that they set rules and policies for independent contractors, employees, patrons, and guests of Industrial Strip. Defendants deny all allegations set forth in paragraph 38.**

39. Defendant required Plaintiff and other Dancers to follow Club policies and rules.

**Answer: Defendant Tsunami and Defendant Kovera admit only that they set rules and polices for independent contractors, employees, patrons, and guests of Industrial Strip. Defendants deny all allegations set forth in paragraph 39.**

40. Defendant made decisions on advertising Defendant's business without Plaintiff's and other Dancers' input.

**Answer: Defendant Tsunami and Defendant Kovera deny all allegations set forth in paragraph 40.**

41. Defendant failed to pay Plaintiff the applicable minimum wage for all hours worked.

**Answer: Defendant Tsunami and Defendant Kovera deny all allegations set forth in paragraph 40.**

42. Upon information and belief, Defendant did not pay Plaintiff and other Dancers an hourly or salary rate.

**Answer: Defendant Tsunami and Defendant Kovera deny all allegations set forth in paragraph 40.**

43. Defendant did not pay Plaintiff and other Dancers any wage at all.

**Answer: Defendant Tsunami and Defendant Kovera deny all allegations set forth in paragraph 43.**

44. Plaintiff and other Dancers received tips from Defendant's customers.

**Answer: Defendant Tsunami and Defendant Kovera admit that, pursuant to their status as independent contractors, Dancers did receive tips from individuals who patronized Industrial Strip.**

45. Plaintiff and other Dancers were required to share their tips with Defendant, the DJ and the "house mom," and other employees who did not "customarily and regularly receive tips" within the meaning of 29 U.S.C. § 203(m).

**Answer: Defendant Tsunami and Defendant Kovera deny all allegations set forth in paragraph 45.**

46. Each shift, Plaintiff and other Dancers were required to pay Defendant $100 or more before they could perform any dances.

**Answer: Defendant Tsunami and Defendant Kovera deny all allegations set forth in paragraph 46.**

47. The tips which Plaintiff and other Dancers were allowed to keep constituted the entirety of their pay.

**Answer: Defendant Tsunami and Defendant Kovera deny all allegations set forth in paragraph 47.**

48. At all relevant times, Defendant knew or should have known that the FLSA applied to the operation of an adult entertainment club. Defendant knew of or should have been aware of previous litigation and enforcement actions relating to wage and hour violations where the misclassification of exotic dancers as independent contractors under the FLSA was challenged.

**Answer: Defendant Tsunami and Defendant Kovera deny all allegations set forth in paragraph 48.**

49. Upon information and belief, Plaintiff worked over 40 hours in at least some weeks while employed by Defendant within the past three years.

**Answer: Defendant Tsunami and Defendant Kovera deny all allegations set forth in paragraph 49.**

50. Upon information and belief, other Dancers also regularly or occasionally worked over 40 hours in some weeks during their employment with Defendant.

**Answer: Defendant Tsunami and Defendant Kovera deny all allegations set forth in paragraph 50.**

51. Plaintiff and other Dancers are entitled to wages and compensation based on the standard minimum wage for all hours worked.

**Answer: Defendant Tsunami and Defendant Kovera deny all allegations set forth in paragraph 51.**

52. Plaintiff and other Dancers are entitled to 1.5x their regular hourly rate for hours worked over 40 each week.

**Answer: Defendant Tsunami and Defendant Kovera deny all allegations set forth in**

paragraph 52.

53. Plaintiff performed all of her work as a Dancer on Defendant's premises.

**Answer: Defendant Tsunami and Defendant Kovera lack the knowledge to answer the allegations set forth in paragraph 53.**

54. Other Dancers performed all of their work on Defendant's premises.

**Answer: Defendant Tsunami and Defendant Kovera lack the knowledge to answer the allegations set forth in paragraph 54.**

55. Defendant recorded the hours worked by Plaintiff and other Dancers with a paper timesheet that was uploaded into a computer system nightly.

**Answer: Defendant Tsunami and Defendant Kovera admit that they kept regular records of the work provided by independent contractors, but deny all other allegations set forth in paragraph 55.**

56. Defendant knew or should have known that Plaintiff and other Dancers were working hours for which they were not paid a lawful minimum wage or overtime premium.

**Answer: Defendant Tsunami and Defendant Kovera deny all allegations set forth in paragraph 56.**

57. Defendant knew, or showed reckless disregard for whether, the way it paid Plaintiff and other Dancers violated the FLSA and the IMWA.

**Answer: Defendant Tsunami and Defendant Kovera deny all allegations set forth in paragraph 57.**

58. Defendant knew or should have known that Plaintiff and other Dancers did not receive a lawful minimum wage for all hours worked.

**Answer: Defendant Tsunami and Defendant Kovera deny all allegations set forth in paragraph 58.**

59. Defendant knew or should have known that Plaintiff and other Dancers worked hours over 40 in at least some weeks.

**Answer: Defendant Tsunami and Defendant Kovera deny all allegations set forth in paragraph 59.**

60. The net effect of Defendant's practices and policies regarding Plaintiff's job duties and pay, as described above, is that Defendant intentionally misclassified her as an independent contractor in order to avoid paying her a lawful minimum wage for all

hours worked and an overtime premium for hours worked over forty each week.

**Answer: Defendant Tsunami and Defendant Kovera deny all allegations set forth in paragraph 60.**

61. Defendant made no reasonable efforts to ascertain and comply with applicable law.

**Answer: Defendant Tsunami and Defendant Kovera deny all allegations set forth in paragraph 61.**

62. Because Plaintiff was paid solely in tips, she incurred damages in each week that she was employed with Defendant.

**Answer: Defendant Tsunami and Defendant Kovera deny all allegations set forth in paragraph 62.**

63. Specifically but without limitation, Plaintiff incurred damages in each of the following weeks: June 6, 2022; June 13, 2022; June 20, 2022; and June 27, 2022. Defendant knew or showed reckless disregard for whether the way it paid, and failed to pay, Plaintiff and other Dancers violated the FLSA and the IMWA.

**Answer: Defendant Tsunami and Defendant Kovera deny all allegations set forth in paragraph 63.**

V.   REPRESENTATIVE ACTION ALLEGATIONS

64. Plaintiff brings this claim for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons similarly situated who were, are, or will be paid wages by Defendant within the applicable statute of limitations period, who are entitled to payment of the following types of damages:

A. Minimum wages for all hours worked;

B. Overtime premiums for all hours worked over forty in any week;

C. Liquidated damages; and

D. Attorneys' fees and costs.

**Answer: Paragraph 64(A-D) contains legal conclusions for which no response is required. To the extent an answer is required, Defendant Tsunami and Defendant Kovera deny all allegations set forth in paragraph 64.**

65. Plaintiff proposes the following collective under the FLSA: All Dancers in the last

      three years.

**Answer: Paragraph 65 contains legal conclusions for which no response is required. To the extent an answer is required, Defendant Tsunami and Defendant Kovera deny all allegations set forth in paragraph 65.**

66. In conformity with the requirements of FLSA Section 16(b), Plaintiff has filed or will soon file a written Consent to Join this lawsuit.

**Answer: Defendants Tsunami and Kovera lack the knowledge to answer the allegations set forth in paragraph 66.**

67. The relevant time period dates back three years from the date on which Plaintiff's Original Complaint—Collective Action was filed herein and continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a), except as set forth herein below.

**Answer: Paragraph 67 contains legal conclusions for which no response is required. To the extent an answer is required, Defendant Tsunami and Defendant Kovera deny all allegations set forth in paragraph 67.**

68. The members of the proposed FLSA collective are similarly situated in that they share these traits:

A. They were paid solely in tips;

B. They were not paid a sufficient minimum wage;

C. They were not paid an overtime premium for hours worked over 40 in a week;

D. They were subject to Defendant's common policy of classifying them as "independent contractors;"

E. They were subject to numerous other policies and practices as described above; and

F. They had the same or substantially similar job duties and requirements.

**Answer: Paragraph 68 (A-F) contains legal conclusions for which no response is required. To the extent an answer is required, Defendant Tsunami and Defendant Kovera deny any and all allegations set forth in paragraph 68.**

69. Plaintiff is unable to state the exact number of the collective but believes that the collective exceeds 20 individuals.

**Answer: Defendant Tsunami and Defendant Kovera deny all allegations set forth in paragraph 69.**

70. Defendant can readily identify the members of the collective, who are a certain portion of the current and former employees of Defendant.

**Answer: Defendant Tsunami and Defendant Kovera deny all allegations set forth in paragraph 70.**

71. The names and physical and mailing addresses of the probable FLSA collective action plaintiffs are available from Defendant.

**Answer: Defendants Tsunami and Kovera lack the knowledge to answer the allegations set forth in paragraph 71.**

72. The email addresses of many of the probable FLSA collective action plaintiffs are available from Defendant.

**Answer: Defendants Tsunami and Kovera lack the knowledge to answer the allegations set forth in paragraph 72.**

## VI.   FIRST CLAIM FOR RELIEF
(Individual Claim for Violation of the FLSA)

73. Plaintiff asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, et seq.

**Answer: Paragraph 73 contains legal conclusions for which no response is required.**

74. At all relevant times, Defendant has been, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

**Answer: Paragraph 74 contains legal conclusions for which no response is required. To the extent an answer is required, Defendants Tsunami and Kovera deny the allegations set forth in paragraph 74.**

75. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay a minimum wage for all hours worked up to 40 each week and to pay 1.5x their regular wages for all hours worked over 40, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying DOL regulations.

**Answer: Paragraph 75 contains legal conclusions for which no response is required.**

76. Defendant misclassified Plaintiff as exempt from the overtime requirements of the

FLSA.

**Answer: Defendant Tsunami and Defendant Kovera deny all allegations set forth in paragraph 76.**

77. Despite Plaintiff's entitlement to overtime wages, Defendant failed to pay Plaintiff a sufficient overtime premium for all hours worked over forty each week.

**Answer: Defendant Tsunami and Defendant Kovera deny all allegations set forth in paragraph 77.**

78. Defendant failed to pay Plaintiff a lawful minimum wage for all hours worked.

**Answer: Defendant Tsunami and Defendant Kovera deny all allegations set forth in paragraph 78.**

79. 29 U.S.C. § 203(m)(2)(B) states, "An employer may not keep tips received by its employees for any purposes."

**Answer: Paragraph 79 contains legal conclusions for which no response is required.**

80. Defendant unlawfully retained tips earned by Plaintiff.

**Answer: Defendant Tsunami and Defendant Kovera deny all allegations set forth in paragraph 80.**

81. Defendant knew or should have known that its actions violated the FLSA.

**Answer: Defendant Tsunami and Defendant Kovera deny all allegations set forth in paragraph 81.**

82. Defendant's conduct and practices, as described above, were willful.

**Answer: Defendant Tsunami and Defendant Kovera deny all allegations set forth in paragraph 82.**

83. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA for all violations which occurred beginning at least three years preceding the filing of Plaintiff's initial complaint, plus periods of equitable tolling.

**Answer: Defendant Tsunami and Defendant Kovera deny all allegations set forth in paragraph 83.**

84. Defendant has not acted in good faith nor with reasonable grounds to believe its

actions and omissions were not a violation of the FLSA, and, as a result thereof, Plaintiff is entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

**Answer: Defendant Tsunami and Defendant Kovera deny all allegations set forth in paragraph 84.**

85. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff as provided by the FLSA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

**Answer: Defendant Tsunami and Defendant Kovera deny all allegations set forth in paragraph 85.**

## VII.   SECOND CLAIM FOR RELIEF
(Collective Action Claim for Violation of the FLSA)

86. Plaintiff, individually and on behalf of all others similarly situated, asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, et seq.

**Answer: Paragraph 86 contains legal conclusions for which no response is required.**

87. Plaintiff brings this action on behalf of all other similarly situated individuals to recover monetary damages owed by Defendant to Plaintiff and members of the putative collective for unpaid overtime compensation for all the hours they worked in excess of forty each week.

**Answer: Defendant Tsunami and Defendant Kovera deny all allegations set forth in paragraph 87.**

88. Plaintiff brings this action on behalf of herself and all others similarly situated who were and/or are affected by Defendant's willful and intentional violation of the FLSA.

**Answer: Defendant Tsunami and Defendant Kovera deny all allegations set forth in paragraph 88.**

89. 29 U.S.C. § 207 requires employers to pay each employee 1.5x the employee's regular rate for all hours that the employee works in excess of 40 per week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying DOL regulations.

**Answer: Paragraph 89 contains legal conclusions for which no response is required.**

90. Defendant misclassified Plaintiff and other similarly situated employees as independent contractors and as exempt from the overtime requirements of the FLSA.

**Answer: Defendant Tsunami and Defendant Kovera deny all allegations set forth in paragraph 90.**

91. Defendant failed to pay Plaintiff and other similarly situated employees at the proper overtime rate for all hours worked in excess of forty hours in a week, despite their entitlement thereto.

**Answer: Defendant Tsunami and Defendant Kovera deny all allegations set forth in paragraph 91.**

92. Defendant failed to pay Plaintiff and other similarly situated employees a lawful minimum wage for all hours worked.

**Answer: Defendant Tsunami and Defendant Kovera deny all allegations set forth in paragraph 92.**

93. 29 U.S.C. § 203(m)(2)(B) states, "An employer may not keep tips received by its employees for any purposes."

**Answer: Paragraph 93 contains legal conclusions for which no response is required.**

94. Defendant unlawfully retained tips earned by Plaintiff and others similarly situated.

**Answer: Defendant Tsunami and Defendant Kovera deny all allegations set forth in paragraph 94.**

95. Defendant's conduct and practices, as described above, have been and are willful, intentional, unreasonable, arbitrary and in bad faith.

**Answer: Defendant Tsunami and Defendant Kovera deny all allegations set forth in paragraph 95.**

96. By reason of the unlawful acts alleged in this Complaint, Defendant is liable to Plaintiff and all those similarly situated for, and Plaintiff and all those similarly situated seek, unpaid overtime wages, liquidated damages, and costs, including reasonable attorney's fees as provided by the FLSA.

**Answer: Defendant Tsunami and Defendant Kovera deny all allegations set forth in paragraph 96.**

97. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff and all those similarly situated as provided by the FLSA, Plaintiff and all

those similarly situated are entitled to an award of prejudgment interest at the applicable legal rate.

**Answer: Defendant Tsunami and Defendant Kovera deny all allegations set forth in paragraph 97.**

## VIII. THIRD CLAIM FOR RELIEF
(Alternative Individual Claim for Violation of the IMWA)

98. In the alternative, i.e., in the event that Defendants do not meet the FLSA's definition of "employer," Plaintiff asserts this claim for damages and declaratory relief pursuant to the IMWA, Ind. Code § 22-2-2, et seq.

**Answer: Paragraph 98 contains legal conclusions for which no response is required.**

99. At all relevant times, Defendants were Plaintiff's "employers" within the meaning of the IMWA, Ind. Code § 22-2-2, et seq.

**Answer: Defendant Tsunami and Defendant Kovera deny all allegations set forth in paragraph 99.**

100. IMWA, Ind. Code § 22-2-2-4(f) requires employers to pay all employees 1.5x regular wages for all hours worked over 40 hours in a week, unless an employee meets the exemption requirements of IMWA.

**Answer: Paragraph 100 contains legal conclusions for which no response is required.**

101. IMWA, Ind. Code § 22-2-2-4(c) requires employers to pay all employees a minimum wage for any hours worked.

**Answer: Paragraph 101 contains legal conclusions for which no response is required.**

102. Defendant failed to pay Plaintiff a sufficient overtime premium for all hours worked over forty each week.

**Answer: Defendant Tsunami and Defendant Kovera deny all allegations set forth in paragraph 102.**

103. Defendant failed to pay Plaintiff a lawful minimum wage for all hours worked.

**Answer: Defendant Tsunami and Defendant Kovera deny all allegations set forth in paragraph 103.**

104. Defendant failed to pay Plaintiff all earned tips.

**Answer: Defendant Tsunami and Defendant Kovera deny all allegations set forth in**

paragraph 104.

105. Defendant's conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary and in bad faith.

**Answer: Defendant Tsunami and Defendant Kovera deny all allegations set forth in paragraph 105.**

106. By reason of the unlawful acts alleged in this Complaint, Defendant is liable to Plaintiff for monetary damages, liquidated damages, costs, and a reasonable attorney's fee provided by the IMWA for all violations which occurred within the three years preceding the filing of Plaintiffs' initial complaint, plus periods of equitable tolling pursuant to IMWA, Ind. Code § 22-2-2, et seq.

**Answer: Defendant Tsunami and Defendant Kovera deny all allegations set forth in paragraph 106.**

107. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff as provided by the IMWA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

**Answer: Defendant Tsunami and Defendant Kovera deny all allegations set forth in paragraph 107.**

## Affirmative Defenses

### FIRST AFFIRMATIVE DEFENSE

108. Plaintiffs' Complaint fails to state a cause of action upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

109. Defendants invoke the defenses, protections, and limitations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA").

### THIRD AFFIRMATIVE DEFENSE

110. At all times, Defendants acted in good faith and had reasonable grounds for believing their actions were in compliance with FLSA and IMWA.

### FOURTH AFFIRMATIVE DEFENSE

111. Defendants did not know or show willful or reckless disregard for whether their conduct was prohibited by the FLSA or the IMWA.

### FIFTH AFFIRMATIVE DEFENSE

112. This action is banned to the extent Plaintiffs seek recovery for time that is not compensable time, i.e. "hours worked" under the FLSA.

### SIXTH AFFIRMATIVE DEFENSE

113. Collective or Class Action relief is not appropriate as Plaintiffs are not similarly situated to putative collective individuals who they purport to represent.

### SEVENTH AFFIRMATIVE DEFENSE

114. Plaintiffs have failed to meet the requirements of Federal Rule of Civil Procedure 23 to certify a class.

### EIGHTH AFFIRMATIVE DEFENSE

115. Plaintiffs' claims brought on behalf of themselves and the putative members of the purported classes as set forth in the Complaint, are in whole or in part de minimis.

### NINTH AFFIRMATIVE DEFENSE

116. Plaintiffs' claims are barred, in whole or in part, by the doctrine of after-acquired evidence.

### TENTH AFFIRMATIVE DEFENSE

117. Plaintiffs' claims are barred, in whole or in part, by the relevant statute of limitations.

### ELEVENTH AFFIRMATIVE DEFENSE

118. Plaintiffs' claims are barred, in whole or in part, by the doctrines of waiver and estoppel.

### TWELFTH AFFIRMATIVE DEFENSE

119. Plaintiffs' claims are barred, in whole or in part, as a result of their own bad faith conduct.

### THIRTEENTH AFFIRMATIVE DEFENSE

120. Plaintiffs' claims are barred, in whole or in part, to the extent they have not exhausted administrative remedies available to them.

### FOURTEENTH AFFIRMATIVE DEFENSE

121. Plaintiffs are barred from any recovery, in whole or in part, because Plaintiffs were

properly compensated pursuant to applicable law at all times during their employment.

## FIFTEENTH AFFIRMATIVE DEFENSE

122. Plaintiffs are not entitled to recover liquidated damages, punitive damages, or attorney fees because any and all acts or conduct of Defendants with regard to Plaintiffs were taken in good faith and with reasonable grounds for believing that such acts or omissions were not in violation of the law.

## SIXTEENTH AFFIRMATIVE DEFENSE

123. The purported class cannot be certified because, even if Defendants violated the FLSA, they did not do so pursuant to a uniform policy or plan.

## SEVENTEENTH AFFIRMATIVE DEFENSE

124. Defendants aver that a class and/or collective action is inappropriate because Plaintiffs are not similarly situated to the putative collective individuals whom they purport to represent under 29 U.S.C. § 216(b); the putative class does not meet numerosity requirements under Fed. R. Civ. P. 23; there are no questions of law or fact common to the class; Plaintiffs' claims are not typical of claims asserted by putative class members; Plaintiffs are not adequate representatives of the proposed classes; individual issues of liability/damages predominate over any issues common to the putative class; and the proposed classes cannot be certified as pleaded.

## EIGHTEENTH AFFIRMATIVE DEFENSE

125. Defendants reserve the right to assert additional affirmative defenses as may become necessary through the course of discovery.

Respectfully submitted,

*/s/ Scott E. Yahne*
Scott E. Yahne
Yahne Law, P.C.
3 Lincolnway, Su. 201
Valparaiso, Indiana 46383
Tel: 219-513-9892
Email: scott@yahnelaw.com

*/s/ Luke A. Casson*
Luke A. Casson
(Pending Admission *Pro Hac Vice*)
Andreou & Casson, Ltd.
661 West Lake Street, Suite 2N
Chicago, Illinois 60661
Tel: 312-935-2000
Fax: 312-935-2001
Email: lcasson@andreou-casson.com