005-352

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| JORDYN MARTINEZ, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br>v.<br><br>TSUNAMI, INCORPORATED, and JOSEPH KOVERA,<br><br>Defendants | Case No. 2022 cv 00283-PPS-JPK<br><br>Judge Philip P. Simon<br>Magistrate Judge Joshua P. Kolar |

**REPORT OF PARTIES' PLANNING MEETING**

Plaintiff Jordyn Martinez ("Plaintiff"), individually and on behalf of all others similarly situated, and Defendants Tsunami, Incorporated, and Joseph Kovera ("Defendants"), by and through their respective undersigned counsel, submit the following information in compliance with Federal Rule of Civil Procedure 26(f).

1. The Parties conferred via electronic mail under Fed. R. Civ. P. 26(f) and agreed to this report on <u>October 19, 2023</u>. Attorneys David Matthew Haynie and Sean Short participated for the Plaintiff, and Attorneys Scott E. Yahne and Luke A. Cassson participated for the Defendants.

2. Jurisdiction.

The Court has jurisdiction under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"). The Court also has supplemental jurisdiction of Plaintiff's claims under the Indiana Minimum Wage Act, Ind. Code § 22-2-2, *et seq.* ("IMWA")

pursuant to 28 U.S.C. § 1367(a) because these claims arise out of the same set of operative facts as the federal cause of action. Venue is proper pursuant to 28 U.S.C. § 1391 because the acts complained of herein were committed and had their principal effect against Plaintiff within the Hammond Division of the Northern District of Indiana. The Parties agree that the complaint sufficiently alleges violations of federal law relating to the payment of minimum wage and overtime and that the violations are alleged to have occurred in this judicial district.

3.   Pre-Discovery Disclosures.

   ___X___ The Parties will exchange, *but may not file*, Rule 26(a)(1) information by November 2, 2023.[1]

4.   Discovery Plan.

The Parties propose the following discovery plan.

Discovery will be needed on the following subjects:

- All of the elements of Plaintiff's claims and Defendants' defenses to those claims;
- Issues related to collective action certification;
- Issues related to willfulness / intent;
- Damages;
- All other relevant subjects as permitted by Fed. R. Civ. P. 26(b).

Disclosure or discovery of electronically stored information should be handled as follows: The Parties will produce data in electronic format. If the data is ordinarily maintained in paper format, the Parties agree to produce the data in electronic format in consecutively paginated bates numbers. The Parties agree to produce

---

[1] The court encourages setting all deadlines on business days.

ESI in electronic format such as PDF, except for spreadsheets, which should be produced in native format such as XLS.

The last date to complete all discovery is <u>July 26, 2024</u>.

Maximum of <u>25</u> interrogatories by each party to any other party.

Maximum of <u>25</u> requests for admission by each party to any other party.

Maximum of <u>10</u> depositions by Plaintiff and <u>10</u> by Defendants.

Each deposition is limited to a maximum of <u>7</u> hours unless extended by stipulation.

The Parties must disclose the identity of any Rule 26(a)(2) witness and the witness's written report (if applicable) by:

<u>March 15, 2024</u> for Plaintiff;

<u>March 15, 2024</u> for Defendants; and

<u>May 17, 2024</u> for Rule 26(e) supplements.

5. Other Items.

The last date the Plaintiff may seek permission to join additional parties and to amend the pleadings is <u>January 26, 2024</u>.

The last date the Defendants may seek permission to join additional parties and to amend the pleadings is <u>January 26, 2024</u>.

The time to file Rule 26(a)(3) pretrial disclosures will be governed by separate

order.

The case should be ready for jury trial by <u>December 4, 2024.</u> and at this time is expected to take approximately 4 days.

At this time, all parties do not consent to refer this matter to the currently assigned Magistrate Judge pursuant to 28 U.S.C. 636(c) and Fed. R. Civ. P. 73 for all further proceedings including trial and entry of judgment.

6. Alternative Dispute Resolution.

The case's settlement prospects may be enhanced via the following ADR procedure:

The Parties do not agree on a mediator but are otherwise amenable to a magistrate judge settlement conference.

Date: October 19, 2023

| | |
|---|---|
| /s/ David Matthew Haynie<br>David Matthew Haynie<br>FORESTER HAYNIE, PLLC<br>400 North St. Paul Street, Suite 700<br>Dallas, Texas 75201<br>Telephone: (214) 210-2100<br>matthew@foresterhaynie.com | /s/ Scott E. Yahne<br>Scott E. Yahne<br>YAHNE LAW, P.C.<br>3 Lincolnway, Suite 201<br>Valparaiso, Indiana 46383<br>Telephone: (219) 513-9892<br>scott@yahnelaw.com |
| /s/ Sean Short<br>Sean Short<br>SANFORD LAW FIRM, PLLC<br>10800 Financial Centre Pkwy, Ste. 510<br>Little Rock, Arkansas 72211<br>Telephone: (501) 221-0088<br>sean@sanfordlawfirm.com<br>Counsel for Plaintiff | /s/ Luke A. Casson<br>Luke A. Casson, Pro Hac Vice Pending<br>ANDREOU & CASSON, LTD.<br>661 West Lake Street, Suite 2N<br>Chicago. Illinois 60661<br>Telephone: (312) 935-2000<br>lcasson@andreou-casson.com<br>Counsel for Defendants |

***Jordyn Martine v. Tsunami Incorporated and Joseph Kovera***
**U.S.D.C. (N.D. Ind.) No. 2:22-cv-283-PPS-JPK**
**Report of Parties' Planning Meeting**