UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| JORDYN MARTINEZ, Individually and On Behalf of All Others Similarly Situated,<br>    Plaintiff,<br><br>  v.<br><br>Tsunami, Inc. and Joseph Kovera,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>) Case No. 2:22-CV-00283-PPS-AZ<br>)<br>)<br>)<br>) |

## **ORDER**

This matter is before the Court regarding the status of Attorney Luke Casson. The Court held a telephonic status conference on July 11, 2024, during which issues were raised about Mr. Casson's inability to obtain admission to practice in the United States District Court for the Northern District of Indiana. On July 24, 2024, Attorney Scott Yahne, the counsel of record for Defendants Tsunami, Inc. and Joseph Kovera, filed an Application for Attorney Casson to Appear Pro Hac Vice. DE 33. That application is denied, but the situation requires further discussion.

On September 13, 2023, Attorney Scott Yahne entered his appearance on behalf of Defendants. At the Rule 16 Conference before then-Magistrate Judge Kolar on October 26, 2023, Mr. Casson indicated that his application to appear *pro hac vice* on behalf of Defendants was forthcoming. DE 25. Judge Kolar ordered all fact discovery to be completed by July 26, 2024, pursuant to the discovery plan proposed by the parties. DE 23, 25.

This case was assigned to me on June 12, 2024, and I scheduled a telephonic status conference for July 11, 2024. The parties indicated in their July 3, 2024, Status Report that Mr. Casson had requested and was denied "temporary and special admission to the bar of this Court from the Chief Judge . . . pending receipt of a letter from the Indiana Supreme Court of Admissions." DE 30. The report further indicated that Defendants would require new counsel because of Mr. Casson's inability to obtain such a letter. *See id.*

At the July 11 status conference, Mr. Yahne informed me that Mr. Casson had primarily represented Defendants throughout the discovery process, and that Mr. Yahne was only serving as local counsel in this matter and would not be able to handle this case going forward. I granted Mr. Casson leave to speak at the hearing even though he did not have an appearance on file. Mr. Casson explained to me that he was having difficulty being admitted to practice *pro hac vice* in this district because his bar status in the State of Indiana was on hold due to issues applying his Illinois continuing legal education (CLE) credits towards his Indiana CLE requirements. Not knowing the full story, I instructed Mr. Casson to try and resolve the *pro hac vice* issue by the next status hearing. As stated above, Mr. Yahne attempted to file a *pro hac vice* application for Mr. Casson on July 24, 2024. DE 33.

After the conference, the Court learned of *In the Matter of: Luke A. Casson,* Case No. 1:17-mc-00028, which further clarified Mr. Casson's status. Due to the CLE issues Mr. Casson had mentioned to the Court, he was suspended from the bar of the State of Indiana, and, according to the Indiana Roll of Attorneys, is still suspended

at the time of this order. www.courts.in.gov/rollofattorneys (last visited July 26, 2024). Because of the reciprocity requirements of Local Rule 83-6.8, Mr. Casson was **<u>suspended</u>** from the Northern District of Indiana on September 21, 2017—an important detail that Mr. Casson failed to mention to me at the July 11, 2024, status hearing. *See In the Matter of Luke A. Casson*, Case No. 1:17-mc-28 (DE 36). Mr. Casson filed a motion for reinstatement on May 5, 2023, arguing that since he was a member in good standing in other jurisdictions, he should be eligible for reinstatement. *Id.* at DE 62. On June 6, 2023, then-Chief Judge DeGuilio denied Mr. Casson's motion, explaining that a current suspension from any bar in which an attorney has been admitted results in reciprocal suspension from the Northern District of Indiana. *Id.* at DE 63. Importantly, these proceedings regarding Mr. Casson's suspension all occurred before Defendants in this case were served with the Complaint and before an attorney was required to enter an appearance for Defendants.

Turning to Mr. Casson's pending Application for *Pro Hac Vice* Admission [DE 33], the application contains several misstatements and procedural deficiencies. First, Mr. Casson misidentified his bar status with the State of Indiana as "lapsed" rather than "suspended." DE 33 at 2. Second, he affirmed under oath that he was "a member in good standing of the bar of every jurisdiction to which [he is] admitted to practice." *Id.* Since Mr. Casson is suspended from the State of Indiana, he is not in good standing, a fact of which he should be well-aware given his efforts to have his bar admission reinstated. Third, Mr. Casson's application was filed by another

3

attorney, Mr. Yahne, which is improper. Bottom line, Mr. Casson knew he was suspended from practicing in the Northern District of Indiana since the beginning of this case and he could have saved the Court time and resources by being more forthcoming about his suspension.

Regarding Mr. Yahne, he has been the only counsel of record for Defendants throughout this case. Discovery is now scheduled to be completed by October 24, 2024, pursuant to the Court's order granting the parties' joint motion to extend the discovery deadline. DE 34. If Defendants choose to retain new counsel to represent them going forward, that is their prerogative. But at this late stage in the case, any changes in counsel will not, by itself, be considered good cause for Defendants to seek further extensions or to otherwise delay this case.

Accordingly, the Court hereby **ADMONISHES** Attorney Luke Casson that, pursuant to the orders in *In the Matter of Luke A. Casson*, Case No. 1:17-mc-28, he is not permitted to appear on the record in any case in the Northern District of Indiana unless and until his suspension is lifted. The Court further **DENIES** the Motion for Admission to Practice Pro Hac Vice on Behalf of Tsunami, Inc. and Joseph Kovera [DE 33] and **DIRECTS** the Clerk of Court to refund Attorney Scott Yahne the filing fee for that motion [DE 33].

So ORDERED this 30th day of July, 2024.

/s/ *Abizer Zanzi*
MAGISTRATE JUDGE ABIZER ZANZI
UNITED STATES DISTRICT COURT